UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHUKCHANSI INSURANCE, INC., | Case No.  1:25-cv-00523-JLT-BAM |
| Plaintiffs, | FINDINGS AND RECOMMENDATIONS REGARDING PLAINTIFF'S APPLICATION FOR ENTRY OF DEFAULT JUDGMENT AGAINST DEFENDANT FRED ALCORTA PURSUANT TO RULE 55(b)(1) OF THE FEDERAL RULES OF CIVIL PROCEDURE |
| v. | |
| FRED ALCORTA, | |
| Defendant. | |
| | (Doc. 8) |
| | FOURTEEN-DAY DEADLINE |

On July 23, 2025, Plaintiff Chukchansi Insurance, Inc. ("Plaintiff" or "CII") filed an application for entry of default judgment against Defendant Fred Alcorta pursuant to Federal Rule of Civil Procedure 55(b)(1).  The motion was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.  Having considered the moving papers and record in this action, the Court will recommend that Plaintiff's application for entry of default judgment pursuant to Rule 55(b)(1) be denied.

**BACKGROUND**

On May 5, 2025, Plaintiff filed its complaint for declaratory and injunctive relief asserting claims against Defendant Fred Alcorta ("Defendant") for violation of the Racketeering Influenced and Corrupt Organizations Act ("RICO"), breach of an employment agreement, conversion, fraudulent deceit, and fraud.  (Doc. 1.)  Plaintiff alleges that Defendant, in his role as Chief

1

1  Executive officer and Plan Administrator of CII "engaged in transactions that contravened CCI
2  accounting and authorization procedures, misappropriated CII assets by directing payment to
3  entities in which he held undisclosed financial interests, and violated [RICO] by committing
4  multiple predicate acts of wire fraud through CII." (*Id.* at 1-2.)  The complaint alleges that as a
5  result of Defendant's conduct it is entitled to declaratory relief, damages, including compensatory
6  and punitive damages, and attorneys' fees. (*Id.* at 15.)

7  On June 25, 2025, Plaintiff filed a request for entry of default as to Defendant for failure
8  to plead or otherwise defend this action. (Doc. 5.) On the same date, the Clerk entered default
9  against Defendant. (Doc. 6.) Plaintiff filed an amended request for entry of default on July 11,
10 2025. (Doc. 7.) On July 23, 2025, Plaintiff filed the instant application, which requests the Clerk
11 of the Court enter the default judgment of Defendant and award Plaintiff $10,884,566.25 pursuant
12 to Federal Rule of Civil Procedure 55(b)(1). To support the request, Plaintiff attaches the
13 declaration of Michael W. Braa Sr., a private investigator ("Braa Declaration"). (Doc. 8-2.)

**DISCUSSION**

15 Federal Rule of Civil Procedure 55(b)(1) outlines the circumstances under which the
16 Clerk of the Court may enter default judgment. "If the plaintiff's claim is for a sum certain or a
17 sum that can be made certain by computation, the clerk—on the plaintiff's request, with an
18 affidavit showing the amount due—must enter judgment for that amount and costs against a
19 defendant who has been defaulted for not appearing and who is neither a minor nor an
20 incompetent person." Fed. R. Civ. P. 55(b)(1). Federal Rule of Civil Procedure 55(b)(2) states
21 that in "all other cases, the party must apply to the court for a default judgment."

22 Establishing a sum certain under Rule 55(b)(1) is a high standard. *See Soltero v. City of*
23 *Bakersfield*, No. 1:12-cv-01791-LJO-JLT, 2014 WL 6668799, at *2 (E.D. Cal. Nov. 24, 2014);
24 *see also Phillips 66 Co. v. Grainer*, No. 1:13-cv-1890 LJO-BAM, 2015 WL 3797396, at *2 (E.D.
25 Cal. June 18, 2015). The Ninth Circuit has explained that "a claim is not a sum certain unless *no*
26 *doubt* remains as to the amount to which a plaintiff entitled as a result of the defendant's default."
27 *Franchise Holding II, LLC v. Huntington Restaurants Group Inc.,* 375 F.3d 922, 928 (9th
28 Cir.2004) (emphasis added) (citing *KPS & Assocs., Inc. v. Designs by FMC, Inc.,* 318 F.3d 1, 19

2

1  (1st Cir.2003).  In *Franchise Holding II*, the court found the sum certain requirement satisfied
2  where the plaintiff presented the Clerk with "loan documents that set forth the specific formulas
3  for determining the amount owed" and "provided documents setting forth the various amounts
4  necessary for calculating the total amount due." *Id*. at 929.

5        The Court finds that Plaintiff does not seek a "sum certain" or a "sum that can be made
6  certain by computation."  Plaintiff has not provided documents setting forth the specific formulas
7  for determining the amount owed or documents setting forth the various amounts necessary for
8  calculating the total amounts due.  While Plaintiff attaches the Braa Declaration setting forth
9  allegedly fraudulent transactions authorized by Defendant, including, but not limited to, various
10 payments made to Defendant from CII assets, payments or reimbursements authorized or directed
11 by Defendant, consulting fees, and payments to various charities, the documentary evidence upon
12 which the declaration is based, such as CII financial records, internal emails, and third-party
13 documentation, is not included in the record.  (*See* Doc. 8-2.)  A party seeking to have default
14 entered pursuant to 55(b)(1) must explain how it arrived at the figures for the amount of damages
15 and provide supporting documentation.  *See Branded Online Inc. v. Holden* LLC, No. SA CV 15-
16 0390-DOC (DFMx), 2016 WL 8849024, at *1 (C.D. Cal. Jan. 8, 2016) (quotation and citation
17 omitted).  This also is not a case where liquidated damages are at issue. *See Dipito LLC v.
18 Siderman*, No. 3:21-cv-01205-H-JLB, 2022 WL 3205206, at *1 (S.D. Cal. July 29, 2022)
19 (indicating that typically a Clerk's entry of default is "only appropriate when liquidated damages,
20 such as those previously agreed upon by the parties or fixed by operation of law, are at issue").
21 Thus, the Court cannot conclude that there is no doubt as to the amount to which Plaintiff is
22 entitled as a result of Defendant's default.

23       **CONCLUSION AND RECOMMENDATION**

24     For the reasons stated, IT IS HEREBY RECOMMENDED that Plaintiff's application for
25 entry of default judgment against Defendant Fred Alcorta pursuant to Rule 55(b)(1) of the Federal
26 Rules of Procedure (Doc. 8) be DENIED.

27     These Findings and Recommendations will be submitted to the United States District
28 Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1).  Within

**fourteen (14) days** after being served with these Findings and Recommendations, the parties may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  **Objections, if any, shall not exceed fifteen (15) pages or include exhibits.  Exhibits may be referenced by document and page number if already in the record before the Court.  Any pages filed in excess of the 15-page limit may not be considered.**  The parties are advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 838–39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **August 1, 2025**              /s/ Barbara A. McAuliffe
                                           UNITED STATES MAGISTRATE JUDGE