UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHUKCHANSI INSURANCE, INC., <br><br> Plaintiff, <br><br> v. <br><br> FRED ALCORTA, <br><br> Defendant. | Case No. 1:25-cv-00523-JLT-BAM <br><br> **ORDER GRANTING MOTION TO SET ASIDE DEFAULT** <br><br> (Doc. 14) |

**I.     Background**

Plaintiff Chukchansi Insurance, Inc. ("Chukchansi" or "Plaintiff") filed this action for damages, costs, and attorneys' fees against Defendant Fred Alcorta ("Alcorta" or "Defendant") on May 5, 2025.  (Doc. 1.)  Chukchansi alleges Alcorta, in his role as Chief Executive Officer and Plan Administrator of Chukchansi, engaged in transactions that contravened Chukchansi accounting and authorization procedures, misappropriated Chukchansi assess by directing payments to entities in which he held undisclosed financial interests, and violated the Racketeer Influenced and Corrupt Organizations Act ("RICO") by committing multiple predicate acts of wire fraud through Chukchansi.  (*Id.* at 1-2.)  The matter was set for an initial scheduling conference on August 5, 2025.  (Doc. 3.)

1

On June 25, 2025, the Clerk of the Court entered default as to Alcorta. (Doc. 6.) On July 23, 2025, Chukchansi moved for entry of default judgment against Alcorta, which was subsequently denied on August 15, 2025. (Docs. 8, 12.) In the meantime, the Court converted the August 5, 2025 scheduling conference to a status conference and continued it to September 16, 2025. (Doc. 10.)

On September 11, 2025, Alcorta, proceeding as an unrepresented *pro se* defendant, filed a request for a continuance, asking the Court to continue proceedings until February 10, 2026, to allow him time to retain an attorney and to prepare for his case. (Doc. 14.)

On September 16, 2025, the Court held the scheduled status conference. Counsel for Chukchansi appeared remotely and Alcorta appeared in person. The Court informed Alcorta that default had been entered against him, but that the Court would construe his request for a continuance as a request to set aside the Clerk's entry of default. Based on Chukchansi's stated opposition, the Court permitted Chukchansi an opportunity to file supplemental briefing to address the request and likewise granted Alcorta an opportunity to reply. (Doc. 16.)

Chukchansi filed its opposition on October 10, 2025, arguing that Alcorta's motion to set aside the default should be denied because it is procedurally improper or, alternatively, fails to show good cause or excusable neglect to support relief from default. (Doc. 17.)

Alcorta filed a reply on October 24, 2025. (Doc. 18.) In his reply, Alcorta states that he received an order to appear in court on August 5, 2025. When he arrived, he was told that the hearing was postponed until September 16, 2025. Alcorta reportedly asked how to get a continuance if he could not attend the continued hearing. The Clerk reportedly told Alcorta to "write a request to the Court for a continuance." (*Id.*) Alcorta filed the request with his "reason being" that he was trying to acquire a lawyer to represent him in court, he has no money to pay for a lawyer, and it is "difficult to find lawyers with Indian Country experience." (*Id.*) Alcorta further states:

> I am innocent of the Complaint filed by the Plaintiff. Plaintiff's Attorney Les Marston is well known in Indian Country as a very good Litigator. I need to acquire a Lawyer with experience to defend me to prove my position. I respectfully request a continuance to February 10, 2025 [sic] to allow me to acquire a Lawyer and the data I need to disprove the allegations made by Plaintiff.

2

(*Id.*)

The Court finds the motion suitable for disposition without oral argument and the matter is deemed submitted on the record. L.R. 230(g).

## II. Legal Standard

Federal Rule of Civil Procedure 55(c) provides that a court "may set aside an entry of default for good cause." A district court has discretion to determine whether "good cause" exists, and that discretion is "especially broad where, as here, it is entry of default that is being set aside, rather than a default judgment." *Mendoza v. Wight Vineyard Mgmt.*, 783 F.2d 941, 945 (9th Cir. 1986). To determine "good cause," a court considers: "(1) whether the party seeking to set aside default engaged in 'culpable conduct' that led to default; (2) whether the party has a 'meritorious defense;' and (3) whether setting aside the default would prejudice the other party." *Ferrara Candy Co. v. 3615 Mkt. LLC*, No. 24-cv-07486-RFL, 2025 WL 2399669, at *1 (N.D. Cal. June 30, 2025) (citing *United States v. Mesle*, 615 F.3d 1085, 1091 (9th Cir. 2010)).

When the moving party seeks timely relief from default "and the movant has a meritorious defense, doubt, if any, should be resolved in favor of the motion to set aside the default so that cases may be decided on their merits." *Mendoza*, 783 F.2d at 945–46 (9th Cir. 1986). Moreover, the Ninth Circuit has opined that "judgment by default is a drastic step appropriate only in extreme circumstances; a case should, whenever possible, be decided on the merits." *Falk v. Allen*, 739 F.2d 461, 463 (9th Cir. 1984); *see also Schwab v. Bullock's Inc.*, 508 F.2d 353, 355 (9th Cir. 1974) ("[D]efault judgments are generally disfavored; whenever it is reasonably possible, cases should be decided on their merits.").

## III. Discussion

As an initial matter, Chukchansi contends that the motion to set aside default should be denied because (1) it fails to comply with the Federal Rules of Civil Procedure and this Court's Local Rules; and (2) Alcorta should have filed a motion to set aside default under Federal Rule of Civil Procedure 55(c). (Doc. 17 at 2-3.) While Chukchansi correctly points out that *pro se* litigants must follow the same rules of procedure that govern other litigants, the Court has liberally construed Alcorta's request for continuance, and subsequent appearance at the status

conference, as a request to set aside the default. The Court therefore is not inclined to deny Alcorta's request on procedural grounds.

### A. Culpable Conduct

Chukchansi asserts that, rather than appearing or moving to set aside the default, Alcorta filed an unsworn letter on September 11, 2025 – over two months after his default was entered – requesting that all proceedings be continued, but he has made no showing of good cause or excusable neglect to set aside the default. (Doc. 17 at 3.) Chukchansi therefore asserts Alcorta's conduct was culpable because he "had ample notice of this lawsuit – he was properly served and was aware of the September 10, 2025, scheduling conference – yet he took no action for months prior to the scheduling conference." (*Id.* at 4.)

The Ninth Circuit has held that "a defendant's conduct is culpable if he has received actual or constructive notice of the filing of the action and *intentionally* failed to answer." *TCI Group Life Ins. Plan v. Knoebber*, 244 F.3d 691, 697 (9th Cir. 2001) (overruled on other grounds by *Egelhoff v. Egelhoff ex rel. Breiner*, 532 U.S. 141, 147-50 (2001)). In this context, "intentionally" refers to conduct that is willful, deliberate, or that evidences bad faith. *Id.*

Although Chukchansi suggests Alcorta took no action until September 2025, Alcorta explains that he attempted to appear in court on August 5, 2025—the date originally set for an initial scheduling conference (*see* Doc. 3), was informed that the hearing (conference) was postponed, and subsequently submitted a written request for continuance to acquire a lawyer. (Doc. 18.) Alcorta's statements indicate that he was aware of this lawsuit, but they do not suggest he engaged in any conduct that was willful, deliberate or in bad faith given his efforts to appear in and to defend against this action.

### B. Meritorious Defense

Chukchansi contends that Alcorta's letter "identifies no defense whatsoever to the underlying claims." (Doc. 17 at 4.) Chukchansi also contends that Alcorta "has offered nothing beyond a plea for more time" and "has not articulated any excuse for the default." (*Id.*)

The Ninth Circuit has explained that the "meritorious defense" requirement "is not extraordinarily heavy.'" *Mesle*, 615 F.3d at 1094. "All that is necessary to satisfy the 'meritorious

defense' requirement is to allege sufficient facts that, if true, would constitute a defense." *Id.* The truthfulness of the factual allegation "is not to be determined by the court when it decides the motion to set aside the default. Rather, that question 'would be the subject of the later litigation.' " *Id.* at 1094 (quoting *TCI Group*, 244 F.3d at 700).

Alcorta alleges that he is "innocent of the Complaint filed by the Plaintiff," and seeks a continuance to allow him to acquire a lawyer and "the data [he] need[s] to disprove the allegations made by Plaintiff." (*Id.*) Given the low burden, Alcorta's apparent denial of the claims in the complaint, while not expansive, is sufficient to satisfy the meritorious defense requirement.

### C. Prejudice to Plaintiff

Chukchansi argues it would suffer prejudice from further delay, which would increase its costs, risk the staleness or loss of evidence, prolong the uncertainty of recovery, and "enhance[ ] the danger that [Alcorta] may dissipate or conceal assets, frustrating [Chukchansi's] ability to collect on any judgment." (Doc. 17 at 5.)

At this early stage of the proceedings, and based on a review of the record, setting aside the default will not prevent or otherwise hinder Chukchansi's ability to pursue its claims, and any delay has not had an impact on discovery or other matters as no scheduling order has been issued or pretrial deadlines set. *See*, *e.g.*, *TCI Group*, 244 F.3d at 701 ("To be prejudicial, the setting aside of a judgment must result in greater harm than simply delaying resolution of the case" or "being forced to litigate on the merits.").

Further, in light of Alcorta's *pro se* status and his apparent intent to defend this matter, there is good cause to set aside the Clerk's entry of default. *See BMO Bank N.A. v. SBFS Trucking Inc.*., No. 1:24-cv-01260-KES-SAB, 2025 WL 720963, at *1 (E.D. Cal. Mar. 6, 2025) (finding good cause to set aside Clerk's entry of default given defendant's pro se status and "an apparent intent to defend" the matter).

Accordingly, IT IS HEREBY ORDERED as follows:

1. Defendant's request for continuance, construed as a motion to set aside entry of default, (Doc. 14), is GRANTED.

2. The entry of default as to Defendant Alcorta is SET ASIDE.

3. Within **thirty (30) days** from the date of service of this order, Defendant Alcorta shall file a responsive pleading to Plaintiff's Complaint for Declaratory and Injunctive Relief. Defendant Alcorta is cautioned that the failure to file a timely responsive pleading may result in entry of default against him.

4. A further Status Conference is set for **December 18, 2025, at 9:00 AM in Courtroom 8 (BAM) before Magistrate Judge Barbara A. McAuliffe** to address scheduling of this action. The parties may appear at the conference remotely via Zoom video conference. The parties will be provided with the Zoom ID and password by the Courtroom Deputy prior to the conference. The Zoom ID and password are confidential and are not to be shared. Appropriate court attire required.

IT IS SO ORDERED.

Dated: __November 12, 2025__          /s/ *Barbara A. McAuliffe*
                                        UNITED STATES MAGISTRATE JUDGE