UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHUKCHANSI INSURANCE, INC.,<br><br>                Plaintiff,<br><br>        v.<br><br>FRED ALCORTA,<br><br>                Defendant. | Case No.  1:25-cv-00523-JLT-BAM<br><br>**ORDER FOLLOWING STATUS CONFERENCE AND GRANTING DEFENDANT'S REQUEST FOR EXTENSION OF TIME TO RESPOND TO COMPLAINT**<br><br>**ORDER HOLDING REQUEST FOR ENTRY OF DEFAULT IN ABEYANCE**<br><br>(Doc. 21) |

Plaintiff Chukchansi Insurance, Inc. ("Chukchansi" or "Plaintiff") filed this action for damages, costs, and attorneys' fees against Defendant Fred Alcorta ("Alcorta" or "Defendant") on May 5, 2025.  (Doc. 1.)  Chukchansi alleges Alcorta, in his role as Chief Executive Officer and Plan Administrator of Chukchansi, engaged in transactions that contravened Chukchansi accounting and authorization procedures, misappropriated Chukchansi assets by directing payments to entities in which he held undisclosed financial interests, and violated the Racketeer Influenced and Corrupt Organizations Act ("RICO") by committing multiple predicate acts of wire fraud through Chukchansi.  (*Id.* at 1-2.)  The matter was set for an initial scheduling

1

1  conference on August 5, 2025.  (Doc. 3.)

2       On June 25, 2025, the Clerk of the Court entered default as to Alcorta.  (Doc. 6.)  On July
3  23, 2025, Chukchansi moved for entry of default judgment against Alcorta, which was
4  subsequently denied on August 15, 2025.  (Docs. 8, 12.)  In the meantime, the Court converted
5  the August 5, 2025 scheduling conference to a status conference and continued it to September
6  16, 2025.  (Doc. 10.)

7       On September 11, 2025, Alcorta, proceeding as an unrepresented *pro se* defendant, filed a
8  request for a continuance, asking the Court to continue proceedings until February 10, 2026, to
9  allow him time to retain an attorney and to prepare for his case.  (Doc. 14.)

10       On September 16, 2025, the Court held the scheduled status conference.  Counsel for
11  Chukchansi appeared remotely and Alcorta appeared in person.  The Court informed Alcorta that
12  default had been entered against him, but that the Court would construe his request for a
13  continuance as a request to set aside the Clerk's entry of default.  Based on Chukchansi's stated
14  opposition, the Court permitted Chukchansi an opportunity to file supplemental briefing to
15  address the request and likewise granted Alcorta an opportunity to reply.  (Doc. 16.)

16       Chukchansi filed its opposition on October 10, 2025, (Doc. 17), and Alcorta filed a reply
17  on October 24, 2025, (Doc. 18.)

18       On November 12, 2025, the Court granted Alcorta's request for a continuance, construed
19  as a motion to set aside entry of default and set aside the default against Alcorta.  (Doc. 19.)  The
20  Court also ordered Alcorta to file a responsive pleading to Plaintiff's Complaint for Declaratory
21  and Injunctive Relief within thirty days.  Alcorta was cautioned that the failure to file a timely
22  responsive pleading may result in entry of default against him.  (*Id.*)  The Court also set a further
23  status conference for December 18, 2025, to address scheduling of this action.  (*Id.*)

24       Despite the additional time and the Court's directive, Alcorta failed to file a responsive
25  pleading within the time allotted.  Accordingly, on December 17, 2025, Chukchansi filed a
26  request for entry of Alcora's default.  (Doc. 21.)

27       On December 18, 2025, the Court held a further status conference.  Counsel Lester
28  Marston appeared by video conference on behalf of Chukchansi.  Alcorta appeared in person.

The Court acknowledged the pending request for entry of default and the time frame set for Alcorta to respond to the complaint. Alcorta identified difficulty with obtaining counsel and requested additional time. Despite the Court's stated concerns with continued delays in this action, and over Chukchansi's objection, the Court indicated that it would grant Alcorta a final short continuance to obtain counsel and file a response to the complaint. The Court cautioned Alcorta that if he failed to timely answer or otherwise respond to the complaint, then the Court would instruct the Clerk to enter his default, which would not be set aside. The Court directed Alcorta to follow the Federal Rules of Civil Procedure, including Rule 8, in responding to the complaint.

Accordingly, it is HEREBY ORDERED as follows:

1. Alcorta's request for additional time to obtain counsel and respond to the complaint is GRANTED.
2. Alcorta SHALL file an answer or other responsive pleading to Chukchansi's complaint **no later than January 9, 2026.**
3. The request for entry of default filed on December 17, 2025 (Doc. 21) is held in abeyance pending expiration of Alcorta's continued deadline to respond to the complaint. If Alcorta fails to respond to the complaint by January 9, 2026, then the Clerk of the Court will be instructed to enter Alcorta's default.
4. No further extensions of Alcorta's deadline to respond to the complaint will be granted absent a demonstrated showing of extraordinarily good cause.

IT IS SO ORDERED.

Dated:   **December 18, 2025**         /s/ Barbara A. McAuliffe
                                       UNITED STATES MAGISTRATE JUDGE